IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BILLY WHITEHEAD,  PLAINTIFF
ADC # 600614

v.  2:14CV00048-DPM-JJV

DEBRA HORTON, LPN,
Health Services, *et. al,*  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Billy Whitehead ("Plaintiff") alleges that Defendant James Simmons[1] violated his rights by exhibiting deliberate indifference toward his serious medical needs. (Doc. No. 5.) Now pending is Defendant Simmons's Motion for Summary Judgment (Doc. No. 33). Plaintiff has responded (Doc. No. 36.)

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825

---

[1] All other Defendants were previously dismissed. (Doc. No. 10.)

(8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

Plaintiff brought this action alleging that after a finger biopsy at the University of Arkansas for Medical Sciences, he suffered stiffness, pain, and swelling in his finger. (Doc. No. 5 at 5.) He claims that despite bringing these issues to Dr. Simmons's attention, he was denied further treatment. (*Id.*) For his part, Dr. Simmons argues the record establishes that he was not deliberately indifferent in his treatment of Plaintiff's finger. For the reasons stated hereafter, I concur with Dr. Simmons and recommend dismissal of this action.

At the outset, I find that Plaintiff has failed to raise any valid claims related to a delay in care prior to the biopsy. These allegations were not pled in the Amended Complaint and Dr. Simmons's decision to address them in his Motion has not, as Plaintiff puts it, "opened the door" to their consideration. (Doc. No. 36 at 1.) Instead, it is well settled that such claims cannot be used to defeat summary judgment. *See N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004) ("[W]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment.").

Turning to Plaintiff's allegations which concern his post-biopsy treatment, I find the medical

3

care provided by Dr. Simmons was not deliberately indifferent. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The record establishes that Dr. Simmons saw Plaintiff on two occasions following the biopsy. First, Plaintiff was seen on December 18, 2013,[2] six days after the biopsy. (Doc. No. 33-3 at 23.) Dr. Simmons opined that Plaintiff's finger required no further treatment, and Plaintiff admits he did not request any. (Doc. Nos. 33-3 at 23; 36 at 5.) Plaintiff states he did not complain because his post-biopsy issues had not yet begun to manifest at that time. (Doc. No. 36 at 5.) He argues, however, that Dr. Simmons should have been more diligent in monitoring his condition in the days that followed. (*Id*.) Perhaps closer monitoring would have been medically appropriate, but I cannot say that Dr. Simmons' failure to track the condition of Plaintiff's finger was deliberately indifferent. Notably, the record indicates that Plaintiff raised no complaints about his finger until March 5, 2014. (Doc. No. 33-3 at 18.) Plaintiff contends he waited until that date because at the December 18,

---

[2]Dr. Simmons' counsel notes that he mistakenly referred to this date as December 20, 2013 at Plaintiff's deposition. (Doc. No. 34 at 9.) Plaintiff requests that Dr. Simmons' Motion be denied on this basis alone, but it is unclear what, if any, prejudice he has suffered as a result of this error. (Doc. No. 36 at 7.) I therefore accept Dr. Simmons' correction and note that the proper date for the first appointment is December 18, 2013.

2013, appointment, Dr. Simmons said no further treatment was required. (Doc. No. 36 at 6.) There is, however, no indication that anyone prevented Plaintiff from submitting a sick-call form during this period. Indeed, the record indicates that Plaintiff saw unit medical staff, including Dr. Simmons, for several unrelated medical issues during this time. (Doc. No. 33-3 at 19-23.) There is no evidence that he mentioned finger pain or stiffness at any of these appointments. Based on the foregoing, I am unable to conclude that Dr. Simmons was deliberately indifferent to the alleged deterioration of Plaintiff's finger.

On March 5, 2014, Dr. Simmons evaluated Plaintiff's finger for the final time. (*Id*. at 18.) Plaintiff complained of stiffness and Dr. Simmons provided him with a medical hand-out detailing the treatment he had received. (*Id*.) Neither party has presented evidence indicating that Plaintiff has sought additional treatment for his finger from unit medical staff since that date.[3] The question of what other treatment, if any, Dr. Simmons could have provided Plaintiff to ameliorate his finger stiffness is not properly before me. I do find that the decision to take no immediate action and instead provide Plaintiff with a hand-out was not deliberately indifferent, however. It bears reiterating that even if this treatment decision was medically negligent, Dr. Simmons is still entitled to summary judgment. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) ("Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct."). Neither this or any other recorded treatment decision by Dr. Simmons approaches that level of recklessness and, as such, I recommend dismissal of this action.

IV. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

---

[3] As part of the relief requested in his Amended Complaint, Plaintiff has requested that the Court "send [him] to a doctor to fix [his] finger." (Doc. No. 5 at 4.)

1.	Defendant James Simmons's Motion for Summary Judgment (Doc. No. 33) be GRANTED.

2.	Plaintiff's claims against Defendant Simmons be DISMISSED with prejudice.

3.	The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE